IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIVIAN BURKS                                                                            PLAINTIFF

v.                                                                    Civil Action No.: 3:25-cv-537-TSL-MTP
                                                                                    _____

CITY OF CARTHAGE, MISSISSIPPI,
CHIEF BILLY MCMILLAN, IN HIS OFFICIAL
CAPACITY, OFFICER BLAINE MUSGROVE,
AND INVESTIGATOR BRAD HORN, BOTH IN
THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES                                                                           DEFENDANTS

COMPLAINT
(Jury Trial Demanded)

COMES NOW Plaintiff Vivian Burks (hereinafter "Plaintiff"), by counsel, and files this, his *Complaint* against City of Carthage, Mississippi, Chief Billy McMillan, in his official capacity, Officer Blaine Musgrove, and Investigator Brad Horn, Both in their individual and official capacities to recover actual and punitive damages for the Defendants violations of the Plaintiff's Fourth (4th) Amendment right to be free from excessive force, Fourteenth (14th) Amendment rights to substantive due process without intentional exposure to known danger, and all other claims made actionable pursuant to 42 U.S.C. §1983 and also the common law right to be free from actions of city and county enforcement evincing reckless disregard for the Plaintiff made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to wit:

PARTIES

1. Plaintiff is an adult resident citizen of Leake County, Mississippi, residing at 1009 Cook Street, Carthage, MS 39051.

2. **Defendant City of Carthage, Mississippi (hereinafter "Defendant City")** is a municipal entity that may be served with process by service on Penny Spears, City Clerk, at 212 Main Street, Carthage, MS 39051.

3. **Defendant Chief Billy McMillan, in his official capacity as Police Chief (hereinafter "Defendant Chief" or "Defendant Chief McMillan")** is an adult resident citizen of the State of Mississippi, employed as Chief of Police for the Carthage Police Department, and he may be served at his place of employment, at 302 W Main Street, Carthage, MS 39051.

4. **Defendant Officer Blaine Musgrove ("Defendant Officer Musgrove")** is an adult resident citizen of the State of Mississippi, employed as an officer for the Carthage Police Department, and he may be served at his place of employment, at 302 W Main Street, Carthage, MS 39051.

5. **Defendant Investigator Brad Horn ("Defendant Officer Horn")** is an adult resident citizen of the State of Mississippi, employed as an officer for the Carthage Police Department, and he may be served at his place of employment, at 302 W Main Street, Carthage, MS 39051.

## JURISDICTION AND VENUE

6. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and §2202 as this case involves a Federal Question based on Plaintiff's protected rights under the U.S. Constitution particularly the 4th, 5th, 8th, and 14th Amendments under 42 U.S.C. §1983, §1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act, common law claims of negligence and intentional torts.

7. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 (b), since the actions complained of giving rise to this claim occurred in this judicial district. The

matter in controversy exclusive of interest and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

8. On or about July 23, 2024, police officers/investigators of the Carthage Police Department deviated from the standard of care, security, and protection by failing to comply with the City of Carthage's rules of conduct as it relates to the use of force and the monitoring of its officers. As a result of Defendants' negligent and intentional actions/misconduct, Vivian Burks sustained significant injuries and damages.

9. Defendants' actions violated both Federal and State law. Justice for these acts is sought by this lawsuit.

## FACTS

10. On or about July 23, 2024, Plaintiff was sitting in her vehicle at Lincoln Park, when she was approached from behind by Defendant Officer Musgrove.

11. Upon exiting his patrol vehicle, Officer Musgrove informed the Plaintiff that her vehicle's tag was expired and requested to see her license and registration.

12. Plaintiff informed Officer Musgrove that she had left her driver's license at home, but she provided her social security number so that she may be identified.

13. Plaintiff explained that she was aware of the expired tag, and that she was in possession of the new tag, and had not attached the updated tag to her vehicle.

14. Officer Musgrove offered to put the updated tag on Plaintiff's vehicle, and she accepted.

15. Shortly thereafter, Investigator Horn arrived to the scene. He began informing Officer Musgrove of Plaintiff's relation to a Joshua Brown, which is her grandson.

16. Defendants insisted on searching Plaintiff's vehicle, despite their lack of a warrant.

17. As Ms. Burks moved towards her vehicle, Investigator Horn aggressively grabbed her, forcing her away from her vehicle.

18. Next, Investigator Horn began to exert excessive force on Ms. Burks as he and Officer Musgrove detained her in handcuffs.

19. Defendant Officer and Investigator further assaulted the Plaintiff, Ms. Burks, by tasing her numerous times and throwing her to the ground, causing injuries to her back, head, elbows, stomach, and legs.

20. Plaintiff informed the Defendants of her medical condition, that she was hurt, while pleading for medical assistance.

21. When the EMTs (Emergency Medical Technicians) arrived at the scene, Plaintiff asked to be taken to the hospital. The senior EMT disregarded her request and stated she was fine.

22. Thereafter, Plaintiff was forcibly placed in the back of the squad car and transported to jail.

23. Upon her arrival at the jail, Plaintiff explained that she is a diabetic and needed medical assistance.

24. At the conclusion of her medical examination at the jail, the nurse advised that Plaintiff, Ms. Burks, needed to be taken to the hospital.

25. As a result of the subject incident, Plaintiff suffers mental, emotional, and physical trauma.

## COUNT ONE
## VIOLATION OF 4TH AND 14TH AMENDMENT RIGHTS UNDER 42 U.S.C. §1983 AND 28 U.S.C. §1343 et al

26. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

27. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's rights and deliberate indifference to a serious medical need of Vivian Burks, took actions to deprive Plaintiff of her 4th and 14th Amendment rights.

28. Defendants that detained and assaulted Plaintiff Vivian Burks violated her due process rights, used excessive physical force, and/or exerted cruel and unusual punishment in unlawfully detaining Plaintiff, viciously handcuffing and tasing her numerous times. Plaintiff was even tased once she was defenseless. These acts were unconstitutional in violation of Plaintiff's 4th and 14th Amendment rights. The treatment of Ms. Burks was a violation of her due process rights to be free from cruel and unusual punishment and excessive force.

29. Plaintiff suffered damages as a result of the aforementioned conduct as set heretofore and/or hereinafter that resulted in Plaintiff's injuries.

## COUNT TWO
## EXCESSIVE FORCE

30. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

31. Plaintiff would show unto the Court that the Defendants took actions to deprive Plaintiff of her 4th Amendment protection against excessive force.

## COUNT THREE
## DELAY/DENIAL OF MEDICAL CARE

32. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

33. Plaintiff would show unto the Court that the Defendants, with reckless disregard for Plaintiff's medical condition and acting with deliberate indifference to a serious medical need, took actions to deprive her of her 8th and 14th Amendment rights to medical care.

34. Plaintiff suffered damages as a result of the aforementioned conduct as set out heretofore and hereinafter.

## COUNT FOUR
## NEGLIGENT/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

36. Plaintiff claims that she suffered serious emotional distress as a result of experiencing the excessive physical force on July 23, 2024.

37. The conduct of Defendants was a substantial factor in causing Plaintiff's serious emotional distress, including, but not limited to: anguish, fright, horror, nervousness, anxiety, shock, humiliation, and shame that an ordinary, reasonable person would be unable to cope.

## COUNT FIVE
## RECKLESS DISREGARD

38. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

39. Plaintiff would show unto the Court that the Defendants took actions that had reckless disregard for the safety and well-being of the Plaintiff.

## COUNT SIX
## GROSS NEGLIGENCE

40. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

41. Defendants Officer Musgrove and Investigator Horn committed intentional or reckless acts that caused apprehension of immediate harm and actual injury to Plaintiff, who was not suspected of or committing a crime.

42. Defendants owed a duty to Plaintiff as officers of the law and breached that duty by causing her immense harm.

43. Because of this, Plaintiff suffered severe damages and injuries.

## COUNT SEVEN
## NEGLIGENT, GROSS NEGLIGENT SUPERVISION, HIRING, TRAINING, AND RETENTION OF THE OFFICERS INVOLVED

44. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

45. Defendants City of Carthage and Chief were grossly negligent and/or wanton in failing to monitor and supervise the actions of the individually named Defendants. They further negligently and/or wantonly failed to train the aforementioned Defendants, the Officer and the Investigator, to properly protect, investigate, interrogate, or detain Plaintiff and other similarly situated individuals. Defendants negligently and/or wantonly failed to properly follow and/or apply their own city and law enforcement rules, ordinances, regulations, policies and procedures, as well as state law generally. The City of Carthage, Mississippi, and the Chief of Police of the City of Carthage Police Department failed to properly supervise the actions of Defendant Officer Musgrove and Investigator Horn. The Defendant City of Carthage, Mississippi failed to properly supervise the actions of Defendants Musgrove and Horn.

46. As a direct and proximate result of the Defendants' negligent, gross negligent, reckless, and/or intentional acts or omissions, the Plaintiff sustained the damages set forth herein and all damages that will be proved at trial hereon.

## PRAYER FOR APPROPRIATE RELIEF

47. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

48. As a result of the intentional and/or reckless disregard and/or grossly negligent and/or other negligent acts of Defendants named herein, Plaintiff have suffered severe and permanent damages for which the Defendants should be held jointly and vicariously liable.

49. All Defendants are jointly and severally liable to Plaintiff for the following damages: past, present and future physical pain, suffering and mental anguish and emotional anguish; lost wages and expenses associated with defense of criminal charges, and all other damages to be proved at trial.

50. Plaintiff brings this action against all Defendants and demands judgment and compensatory damages as a result of the negligent and/or intentional acts enumerated herein in an amount to be determined by this Court.

51. The acts of Defendants enumerated herein were so grossly negligent and reckless; utterly offensive; and were committed with such utter disregard for her rights of Plaintiff and others similarly situated as to amount to willful, wanton, and/or intentional misconduct, thereby entitling Plaintiff to an award of punitive damages to be determined by the Court, with this amount being sufficient to deter these Defendants from continuing this conduct in the future.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** Plaintiff respectfully prays for judgment against all Defendants, compensatory damages, punitive damages, any and all damages allowed by Mississippi or federal law, pre-judgment interest, post-judgment interest, attorney's fees, Veasley type damages, and all costs of this proceeding with such final amount being at least $500,000 or an aggregate sum equal to the maximum amount of recovery allowed by the Mississippi Tort Claims Act plus any recovery to be determined by a jury and allowed under any applicable state or federal law and guidelines.

THIS, the 23rd day of July, 2025.

**VIVIAN BURKS, Plaintiff**

By:  /s/Willie T. Abston_____
**Willie T. Abston, MSB# 9935**

OF COUNSEL:

**WILLIE T. ABSTON, LLC**
P. O. Box 320727
Flowood, MS 39232
T: (601) 487-8839
F: (601) 487-8667
Willie.Abston@AbstonLaw.com