IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VIVAN BURKS                                                                                          PLAINTIFF

V.                                             CIVIL ACTION NO. 3:25cv537-TSL-MTP

CITY OF CARTHAGE, MISSISSIPPI, *et al.*                                            DEFENDANTS

**CASE MANAGEMENT ORDER**

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**     2-3

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**     5-10

    **EXPERT TESTIMONY EXPECTED**:     No     **NO. OF EXPERTS** ___

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

        X         A.   Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

                            Private mediation or a settlement conference with the court is required in this matter. The parties are to schedule and complete same by the discovery deadline.

        ___       B.   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

        ___       A.   The parties consent to trial by a United States Magistrate Judge.

        X         B.   The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   __X__    A. The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully.

   _____    B. The following additional disclosure is needed and is hereby ordered:

**5. MOTIONS; ISSUE BIFURCATION; OTHER.**

   _____    A. The court finds and orders that filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   __X__    B. The court finds and orders that staged resolution, or bifurcation of the issues for trial in accordance with Fed.R. Civ. P. 42(b),

        __X__    (1) Will assist in the prompt resolution of this action.

            Any remaining claim for punitive damages will be bifurcated.

        _____    (2) Will not assist in the prompt resolution of this action.

**6. DISCOVERY PROVISIONS AND LIMITATIONS.**

    **A.** Interrogatories are limited to __25__ succinct questions per party.

    **B.** Requests for Production are limited to __25__ succinct questions per party.

    **C.** Requests for Admissions are limited to __25__ succinct questions per party.

    **D.** Depositions are limited to the parties, experts, and no more than __5__ fact witness depositions per party without additional approval of the court.

    **E.** The parties have complied with the requirements of Local Rule 26(f)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

At this time, the parties anticipate there to be little to no discovery conducted regarding ESI in this litigation. To identify and preserve any potential ESI, counsel will alert their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation and to ensure no inadvertent deletion of ESI occurs. For any relevant e-mail communications, the parties

will produce such communications via hard copy. The parties are aware of any discoverable deleted ESI. The parties do not anticipate requesting any discoverable ESI with embedded data and/or metadata. For any ESI discovered during the course of this litigation, however, the parties have agreed to produce paper copies of any electronically stored documents that are produced in response to document requests. The parties are not aware of any discoverable ESI that is not reasonably accessible at this time. In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived.

F. The court imposes the following discovery provisions or limitations as agreed by the parties:

The parties have agreed that defendant may obtain a Fed.R.Civ.P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

Pursuant to Fed.R.Evid. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed.R.Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

## 7. Scheduling Deadlines.

### A. Trial.

This matter is set for trial during a three week trial calendar beginning:

November 30, 2026 before Sr. District Judge Tom Lee.

ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

This is a      __X__ Jury Trial          __X__ Non-Jury Trial

The Mississippi Tort Claims Act claims will be tried to the bench.

B. **Pretrial.** The pretrial conference is set on: November 9, 2026 before Sr. District Judge Tom Lee.

C. **Discovery.** All discovery shall be completed by: June 2, 2026

D. **Amendments.** Motions for joinders of the parties or amendments to the pleadings must be filed by: November 10, 2025

E. **Experts.** The parties' experts, if any, shall be designated by the following dates:

   1. Plaintiff(s): March 2, 2026
   2. Defendant(s): April 2, 2026

F. **Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: June 16, 2026. The deadline for motions *in limine* is twenty-one days before the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

G. **Settlement Conference.** See paragraph 2 above.

H. **Report Regarding ADR.** On or before November 2, 2026 (7 days before the final pre-trial conference), the parties must report to the undersigned all ADR efforts they have taken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See* L.U.Civ.R. 83.7(f)(3).

**SO ORDERED** this the 10th day of October, 2025.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE